89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruby I. GARREN, Plaintiff-Appellant,
v.
Roy O'HARE, Gladwin County Commissioner, et al., Defendants-Appellees.
 No. 95-1840.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 1
 Before: MERRITT, Chief Judge; COLE, Circuit Judge; ECHOLS, District Judge.*
 
 ORDER
 
 2
 Ruby I. Garren, proceeding pro se, appeals a district court judgment dismissing her complaint filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the Civil Rights Act of 1870. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Garren sued seven county commissioners (O'Hare, Behnke, Presidio, Rhode, McLatcher, Matthews, and McMahon), a sheriff (Hargrave), and the sheriff's deputy (Boylen), in their individual and official capacities. Garren alleged that the defendants had dispossessed her of her home and personal property. Relying on the Fourth, Fifth, and Fourteenth Amendments, Garren asserted claims of unreasonable seizure, deprivation of property, and defamation, as well as various nonsensical claims such as treason. Garren also asserted state law claims of gross negligence, assault, and "prima facie torte" (sic).
 
 
 4
 After reviewing the defendants' motion to dismiss and Garren's response, a magistrate judge filed a report recommending that the district court grant the defendants' motion. Over Garren's objections, the district court construed the motion to dismiss as a motion for summary judgment and granted summary judgment in favor of the defendants. Garren has filed a timely appeal, raising three nonsensical issues. The appellees request oral argument.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); accord Harrow Prods. Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019, (6th Cir.1995). Although Garren alleged that Hargrave entered her home without a warrant, she did not allege any ownership or other possessory rights to the real property. Thus, she does not have standing to bring this suit because she did not allege harm to a concrete, personal interest. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). As the magistrate judge noted, Garren is asserting a violation of constitutional rights personal not to herself, but to Daniel Knight, the former owner. Moreover, the entry by Hargraves was pursuant to a court order of the Circuit Court of Gladwin County, Michigan that required him to remove plaintiff and others from the property. Thus, the entry was not unlawful.
 
 
 6
 Accordingly, the district court's judgment is affirmed, and the appellees' request for oral argument is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation